```
 1                    UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF OHIO
 2                          WESTERN DIVISION


 3
                              - - -
 4
     UNITED STATES OF AMERICA,   .  CASE NO. 1:12-CR-023
 5                               .
              Plaintiff,         .
 6                               .  Sentencing
           - v -                 .
 7                               .  Wednesday, August 8, 2012
     SYLVER GUNN,                .  10:00 a.m.
 8                               .
              Defendant.         .  Cincinnati, Ohio
 9   . . . . . . . . . . . . . . .


10
                    TRANSCRIPT OF PROCEEDINGS
11     BEFORE THE HONORABLE HERMAN J. WEBER, SENIOR JUDGE

12
     For the Plaintiff:
13
         Anne L. Porter, Esq.
14       Assistant United States Attorney
         United States Attorney's Office
15       221 East Fourth Street, Suite 400
         Cincinnati, Ohio  45202
16

17   For the Defendant:

18       Richard J. Goldberg, Esq.
         Schuh & Goldberg, LLP
19       2662 Madison Road
         Cincinnati, Ohio  45208
20

21   Also Present:       Laura Jensen, U.S. Probation
                         Katrina Tibbs, U.S. Pretrial Services
22
     Law Clerk:          Amy Peters Thomas, Esq.
23
     Courtroom Deputy:   Darlene Maury
24
     Court Reporter:     Maryann T. Maffia, RDR
25
```

```
 1                    P R O C E E D I N G S

 2       (In open court at 10:00 a.m.)

 3            THE COURT:  Proceed, Miss Maury.

 4       Please be seated.

 5            COURTROOM DEPUTY:  Judge, on the docket this morning

 6  is Criminal Action 12-23:  United States of America versus

 7  Sylver Gunn.

 8       Appearing on behalf of the government is Anne Porter,

 9  appearing on behalf of the defense is Richard Goldberg, and

10  the defendant is present in the courtroom.

11            THE COURT:  On a former day, the defendant entered a

12  plea of guilty.  After a hearing, the Court accepted that plea

13  of guilty.  As a result of the plea of guilty, it was my duty

14  to find her guilty of:  Count One, filing a false claim

15  against the Internal Revenue Service in violation of Title 18

16  Section 287 of the United States Code, a Class D felony; and

17  Count Two, Theft of Government Funds in violation of Title 18

18  Section 641 of the United States Code, a Class C felony.

19       Having tendered her plea of guilty, which was accepted,

20  the defendant subjected herself to a sentence of imprisonment

21  of five years on Count One, a fine of $250,000.00,

22  restitution, a special assessment, and supervised release.  On

23  Count Two, she subjected herself to a sentence of ten years, a

24  fine of $250,000.00, restitution, special assessment and

25  supervised release.
```

1    However, the policy statements in United States Sentencing

2 Guidelines 2B1.1, 2T1.4, 2T4.1, 3D1.1 and 3E1.1 are

3 instructive in determining a sentence in this case that is

4 sufficient but not greater than necessary to comply with the

5 purposes set forth in Title 18 United States Code Section

6 3553(a).

7    The offense in Count One concluded on February 8th, 2010.

8 The offense in Count Two concluded on December the 15th, 2010.

9 The defendant entered a plea of guilty on April 5th, 2012.

10    The provisions of the Antiterrorism and Effective Death

11 Penalty Act of 1996 apply because the commission of the

12 offense occurred after April 24, 1996.

13    The application -- or the applicable *Sentencing Guideline*

14 *Manual* is the November 1, 2011 edition.

15    The addendum to the Presentence Report discloses that no

16 objections remain for resolution by the Court.

17    The Court has before it the Information, the elements of

18 the charges, the Plea Agreement, the Statement of Facts and

19 the Presentence Report that was filed on June 15th, 2012.

20    Has the United States received a copy of that report?

21        MS. PORTER:  Yes, Your Honor.

22        THE COURT:  Has the defense received a copy of the

23 that report?

24        MR. GOLDBERG:  Yes, Your Honor.

25        THE COURT:  Miss Gunn, have you received a copy of

1   that report, read it and discussed it with your lawyer?

2           THE DEFENDANT:  Yes, Your Honor.

3           THE COURT:  The Court will accept the Presentence

4   Report as part of the Information in this Court.

5       I have before it the United States Sentencing Memorandum.

6   I have the defendant's Sentencing Memorandum, and that

7   includes letters:  one from the defendant; one from Mark

8   Hernandez; one from Jason Wagner, one from Mark Stepaniak,

9   S-T-E-P-A-N-I-A-K; a letter from Miss Blackshear; a letter

10  from Zakiya R. McNeal; a letter from Douglas Eric Armstrong; a

11  letter from Tynisha Alford; a letter from LaQuinta Gunn; a

12  letter from Paul Joiner; and a letter that --

13      You're going to have to decipher that for me Mr. Goldberg,

14  if you wish me to consider it.

15          MR. GOLDBERG:  I will.

16          THE COURT:  And a letter from Brandon Mins, M-I-N-S.

17      And I have the Pretrial Service report.

18      This is the information that I have before me at this

19  time.

20      Does the United States wish at this time to discuss the

21  Sentencing Guidelines and my duty to determine their

22  applicability in this case?

23          MS. PORTER:  Yes, Your Honor.

24          THE COURT:  Proceed.

25          MS. PORTER:  Thank you.

1       Your Honor, our Sentencing Memorandum sets out our

2   analysis of the 3553(a) factors --

3       (Phone ringing)

4            MS. PORTER:  -- that the Court --

5            THE COURT:  Now, please turn off your cell phones.

6   The next cell phone I hear, if it rings, I am confiscating it,

7   just so we understand each other.

8       Proceed.

9            MS. PORTER:  Yes, Your Honor.

10      Our analysis of the factors set forth in 18 U.S. Code 3553

11  is set forth in our Sentencing Memorandum in more detail.

12  Today, I just wanted to address some key points with regard to

13  our position at sentencing here today.

14      As we have stated in our Sentencing Memorandum, it's the

15  position of the United States, and we concur with the

16  Probation Department --

17      (Phone ringing)

18           THE COURT:  Please pick up that telephone.

19      Whose cell phone is it?

20      (No response)

21           THE COURT:  I'll have to clear the courtroom if you

22  don't give it to me.

23      (The Court Security Officer retrieved a cell phone from a

24  man in the gallery of the courtroom.)

25           THE COURT:  You keep custody of it at this time.

```
 1          Proceed.

 2              MS. PORTER:  Yes, Your Honor.

 3      Our position is concurring with the U.S. Probation Officer

 4  in her recommendation of a sentence of incarceration.

 5              THE COURT:  I'm not there yet, Miss Porter.  I'm only

 6  on determining one element, which is the Guidelines.

 7              MS. PORTER:  Yes, Your Honor.

 8              THE COURT:  That's what I'm trying to determine at

 9  this time.

10              MS. PORTER:  I see.  Then we have nothing further at

11  this time to add.  Thank you.

12              THE COURT:  Mr. Goldberg.

13              MR. GOLDBERG:  Your Honor, there being no objections

14  filed by us as to the Guideline calculation done by the

15  Probation Department, we do concur in that calculation as it

16  stands as to the Guidelines.

17              THE COURT:  Miss Gunn, have you had an opportunity to

18  discuss the applicability of the Guidelines to your case with

19  your lawyer?

20              THE DEFENDANT:  Yes, sir.

21              THE COURT:  Have you any comment on the -- and you

22  read the Presentence Report and the probation -- or the

23  Presentence Report yet.  Do you have anything you wish me to

24  understand about the applicability of the Guidelines?

25              THE DEFENDANT:  No, sir.
```

1        THE COURT:  The Court adopts the findings of fact in

2  the Presentence Report.

3     In Count One, the guideline for 18 United States Code

4  Section 287 is found at U.S. Sentencing Guidelines 2B1.1.

5  Pursuant to United States Sentencing Guideline 2B1.1(c)(3),

6  the Cross Reference states that, "If the defendant was

7  convicted under a statute proscribing false, fictitious or

8  fraudulent statements or representations," pursuant to U.S.

9  Sentencing Guidelines 2T1.1(F), a Base Offense Level of 16 is

10  appropriate because the tax loss was more than $80,000.00 but

11  less than $200,000.00.

12     Pursuant to United States Sentencing Guidelines at

13  2T1.4(b)(1)(B), a two-level enhancement is appropriate because

14  the defendant was in the business of preparing or assisting in

15  the preparation of tax returns.  The adjusted offense level is

16  18.

17     In Count Two, a Base Offense Level of 6 is appropriate.

18  Pursuant to United States Sentencing Guideline 2B1.1(b)(1)(C),

19  a four-level enhancement is appropriate because the loss was

20  more than $10,000.00 but less than $30,000.00.  Pursuant to

21  United States Sentencing Guideline 2B1.1(a)(2), the Offense

22  Level is 10.

23     The Multiple Count Adjustment is that Group 1 adds a one

24  unit, Group 2 adds a .5 unit.  The total number of units are

25  1.5.

```
 1      The greater of the adjusted offense levels is 18 --

 2      (Phone ringing)

 3          THE COURT:  Now where is that?

 4      (No response)

 5          THE COURT:  I want that phone.  I'll clear the

 6  courtroom if I don't get it.

 7      (No response)

 8          THE COURT:  I'll clear the courtroom.  We'll recess.

 9          COURTROOM DEPUTY:  All rise.  This Honorable Court is

10  now in recess.

11      (A recess was taken at 10:20 a.m.  The courtroom was

12  cleared except for the defendant, all counsel and court staff.

13  The proceedings resumed at 10:25 a.m.)

14          THE COURT:  Please be seated.

15      Miss Gunn, this is a most serious incident in your life in

16  your 27 years.  And I don't know whether they are your friends

17  or foes, but I want you to understand that I am doing my very

18  best to impose a sentence on you that is sufficient but not

19  greater than necessary in view of all the facts that I have

20  considered, and that's why I will not tolerate any

21  distraction.  I'm doing the very best that I can for the

22  government and for you in this matter.

23      So we'll proceed at this time.

24      The greater of the Adjusted Offense Levels is 18.  The

25  increase in the Offense Level is one.  The Combined Adjusted
```

1    Offense Level is 19.

2        The defendant qualifies for a three-level reduction for

3    acceptance of responsibility pursuant to United States

4    Sentencing Guidelines 3E1.1(a) and (b).

5        The probation officer indicates that a downward departure

6    may be warranted because the defendant's criminal history

7    substantially overrepresents the seriousness of the

8    defendant's criminal history or the likelihood that the

9    defendant will commit other crimes.  The Court agrees and

10   finds that a Criminal History of I is more appropriate.

11       The only offenses for which the defendant received -- the

12   only offenses for which the defendant received Criminal

13   History points are contained in Paragraph 1:  use of a stolen

14   credit card.  The facts of that case was that she was 18 years

15   old, a lady left her credit card with her.  When the lady

16   returned to obtain it, the defendant said, "I don't know where

17   it is."

18       That was your first serious mistake.  Many others may have

19   occurred prior, but that's the one I'm looking at.

20       Paragraph 52, theft of $500.00 worth of merchandise;

21   Paragraph 54, driving under suspension; and Paragraph 61,

22   theft of a shirt.

23       In Paragraph 65, she received two points for committing

24   the instant offense while under a criminal justice sentence,

25   that is:  probation for a Failure to Reinstate charge, for

1  which she received no points -- which she received no points.

2      These offenses are five to eight years old, starting when

3  the defendant was 18.

4      The application of the Guidelines establish a 16 as a

5  Total Offense Level; I is a Criminal History Category; and 21

6  to 27 months is the sentencing range.

7      Pursuant to 18 United States Code Section 3561(a), the

8  defendant is eligible for a term of probation of one to five

9  years because the instant offense are Class D and C felonies.

10     Pursuant to United States Sentencing Guideline 5B1.1,

11  probation is not authorized as the applicable guideline range

12  is in Zone B of the sentencing table.

13     Pursuant to United States Sentencing Guidelines 5D1.2, a

14  term of one to three years of supervised release is applicable

15  on each count.  Multiple terms of supervision must run

16  concurrently.

17     Pursuant to United States Sentencing Guideline 5E1.2, the

18  greater minimum fine in this case is $5,000.00; the greatest

19  maximum fine is $50,000.00.

20     Pursuant to United States Sentencing Guideline 5E1.2(1),

21  an additional fine amount of $2,407.78 a month to pay the

22  costs to the government of any imprisonment; $2,180.27 a month

23  for offenders in halfway houses; and $286.11 a month to pay

24  the costs to the government of supervised release must be

25  considered.

1      The location monitoring program contains a variety of

2  monitoring procedures based on case needs.  The different

3  technologies and daily costs include: voice recognition,

4  $1.88; radio frequency, $3.18; passive GPS monitoring, $4.74;

5  and active GPS monitoring, $8.95.

6      Restitution is owed.

7      Pursuant to the United States Sentencing Guidelines

8  5E1.2(f), the Court finds that the defendant is not able to

9  pay the minimum of the fine required and make restitution.

10 Accordingly, the fine is waived.

11     Pursuant to United States Code Section 5E1.3, a special

12 assessment of $100 shall be ordered on each count, for a total

13 of $200.

14     The Plea Agreement does not provide for any sentence.

15     The Court recognizes that the Sentencing Guidelines are

16 discretionary and it has the authority to depart upward or

17 downward from the Guideline range established in this order

18 and to sentence the defendant to any sentence under the

19 statutory maximum.

20     In accordance with 18 United States Code Section

21 3553(c)(1), the Court is not required to state a reason for

22 imposing a sentence at a particular point within the range

23 because the range in this case does not exceed 24 months.

24     Based upon the record in this case, including the

25 information contained in the Presentence Report, the Court

1    accepts the Rule 11(c)(1)(B) Agreement, specifically finding

2    that the Agreement adequately reflects the seriousness of the

3    actual offense behavior and that accepting the Plea Agreement

4    will not undermine the statutory purposes of sentencing.

5        That would conclude my discussion of the Sentencing

6    Guidelines which is, of course, element number four of

7    3553(a)(2).

8        Does the United States have anything they wish to add to

9    the record at this time?

10            MS. PORTER:  No, Your Honor.

11            THE COURT:  Anything further along the Sentencing

12    Guidelines?

13            MR. GOLDBERG:  No, Your Honor.

14            THE COURT:  Do you have any questions about how the

15    Sentencing Guidelines apply to your case?

16            THE DEFENDANT:  No, Your Honor.

17            THE COURT:  The Court then will proceed to consider

18    the 3553 factors and, in its wisdom or lack thereof, will

19    fashion a sentence that, in its opinion, is sufficient but not

20    necessarily -- is sufficient but necessary to adopt and

21    fulfill its obligation to Congress.

22        So, at this time, Miss Porter, I will be glad to entertain

23    further information.

24            MS. PORTER:  Thank you, Your Honor.

25        Your Honor, in view of your determination with regard to

1  Miss Gunn's criminal history range, we still believe that a
2  mid-Guideline range sentence is appropriate in this case,
3  which would be, and we do recommend, a sentence of 24 months'
4  incarceration based on the Court's findings here today.
5      Just briefly, in terms of history and characteristics of
6  the defendant which, of course, are important under 3553(a),
7  clearly the defendant has had difficult issues in her
8  childhood.  She's had issues with respect to problems growing
9  up in a family with a mother who was a single mother who had a
10  number of marriages, and that is expressed in the probation
11  report as something that caused a lot of problems for the
12  defendant; although it does appear that her mother is a
13  supportive person to her, as well as are other family members
14  who have indicated a willingness to help the defendant now.
15      In essence, no matter what sentence the Court imposes, her
16  family has -- her brother and sister have expressed commitment
17  to her, which is a very good thing.
18      She reports having experienced abuse as a teenager, which
19  is something that is terrible.  She is presently undergoing
20  therapy at this time to deal with these issues.  She is a
21  single mother of two young sons.
22      However, balancing against those characteristics, Your
23  Honor, this defendant has engaged in essentially a continuous
24  pattern of violating the law.  Many of these violations are
25  relatively minor.  Some are not so minor, as the Court has

1   noted, and relate to theft.

2       Something that is significant is the fact that Miss Gunn

3   was on probation for one of her offenses at the time that she

4   committed these serious federal offenses, and we believe that

5   that is significant.

6       First of all, the federal offenses with which she is

7   charged are two separate crimes and involve separate harms and

8   separate frauds against the government.  The government is

9   still the victim.  Being on probation while she committed

10  these offenses clearly shows that she did not regard probation

11  as significant.  If she had, she surely would have been

12  watching every step that she took so that she would make sure

13  she was in compliance and not violating any law so that she

14  could come off probation and get a fresh start.  She did not

15  do that.

16      It is a positive factor that she is engaging in a career

17  which looks promising.  However, that career was underway at

18  the time she committed these federal crimes.  It did not stop

19  her or motivate her to not commit crime, and we believe that

20  it's not a reason for her not to appropriately realize the

21  consequences of her conduct in this case.  Presumably, her

22  career can still be engaged in after whatever sentence that

23  the Court imposes.

24      Unfortunately, with regard to her two young sons,

25  obviously the family and children of defendants always suffer

1 the consequences of the offense conduct, and they pay the

2 price in many ways.  As I mentioned, Miss Gunn's mother has

3 indicated a willingness to help, and she has done that in the

4 past, helped and taken over childcare obligations for Miss

5 Gunn, so that appears to be something that's available here.

6   Finally, Your Honor, Miss Gunn expresses remorse which, of

7 course, is something that goes to her credit.  However, the

8 remorse now is in light of consequences she is facing, and it

9 does appear that she needs to realize the consequences of

10 breaking the law.  She has engaged in that over a significant

11 course of time, and this sentence could mark, really, a new

12 beginning for her where she starts fresh and she starts a life

13 that is free of the court system once and for all.

14   So, Your Honor, for all those reasons, we recommend a

15 sentence of 24 months.  Thank you.

16     THE COURT:  Mr. Goldberg.  Proceed.

17     MR. GOLDBERG:  Your Honor, I think I'll start at the

18 end and then give my explanation of why I am requesting a

19 sentence in the alternative.

20   If the Court would depart three levels down, we would end

21 up in Zone C of the Guidelines.  I believe, if I'm not

22 mistaken, a sentence in Zone C can be satisfied by a

23 combination of perhaps a halfway house commitment as well as

24 electronically-monitored time.

25   In the alternative, if the Court deems fit not to grant a

1  probationary sentence, I would ask Your Honor to consider a

2  sentence of no greater than a year and day of incarceration.

3      So I'll work a little backwards from that now.

4      This case, Your Honor, as you're well aware, involves

5  really a taking of approximately $18,000.00 from the

6  government Section 8 rental subsidies and -- so a little over

7  $100,000.00 as a result of doing tax returns and fraudulently

8  doing those returns to benefit the so-called taxpayers, with

9  her receiving a fee for doing this.

10      It's not the typical case where you have a dishonesty-type

11  offense where somebody is embezzling from a bank or an

12  employer where they're taking it, they're receiving all the

13  proceeds that they're stealing with their hand in the cookie

14  jar and living a lavish lifestyle.

15      In this case, although she is totally responsible for all

16  the money lost by the government, she didn't receive the

17  benefits of all that money.  It's probably less than half or

18  considerably less than half in terms, especially with respect

19  to the tax returns, because the taxpayers supposedly received

20  those refunds they were not entitled to.  She is responsible

21  for repayment of those funds to the government.

22      I do want to point out, again, unlike the typical case or

23  a case that this Court sees where you have a theft offense or

24  embezzling type of offense where there is tens and hundreds of

25  thousands of dollars taken, for example, from an unknowing

1   employer and the person oftentimes gets caught by an audit or

2   something happened to catch them and stop them, the tax

3   returns were stopped.  She stopped doing them in 2010.  So

4   it's not like she got caught and stopped.  She stopped doing

5   her crime in 2010, although the Section 8 was ongoing to some

6   extent.  The Section 8 that the $18,000.00 occurred as a

7   result of her receiving $20,000.00 from a person, deposited in

8   her bank account.  Obviously, she wasn't eligible for rental

9   subsidies.

10      Miss Gunn did not receive tens and tens and tens of

11  thousands of dollars that she lived lavishly on by buying cars

12  or taking vacations or doing that sort of thing that

13  oftentimes dishonest people or greedy people do, so it's a

14  little bit out of the ordinary in that respect.

15      She understands her obligation to pay every cent back to

16  the government.  She has from day one.  She has accepted

17  responsibility from day one.  She doesn't have the resources

18  to make a big dent in it.  And, frankly, Judge, I have now

19  only $3,000.00 in my trust account that she has given me that

20  we've assigned towards restitution subject to the orders of

21  the Court and the probation --

22          THE COURT:  Has the $200 been paid?

23          MR. GOLDBERG:  That's been paid.  The $200 has been

24  paid.

25          THE COURT:  All right.

1      MR. GOLDBERG:  I have 3,000.00.  It's a drop in the

2 bucket, but -- if she had the money, she'd pay it.  If her

3 family and friends had the money, they'd pay it.

4      And, for whatever it's worth -- and if it's not proper,

5 this Court will stop me -- I took her representation on a

6 reduced-fee basis because, under the circumstances, I thought

7 this was a case I could handle on a reduced-fee basis.  So

8 it's not like she's hired counsel and spent a lot of this

9 money that could have gone to restitution and she's paying

10 lawyers for that.  I'm not sure it's appropriate to say that,

11 but I bring that up for whatever it's worth, if anything.

12      I ask the Court to consider departing the three levels I

13 suggest from where we end up on the Guidelines based upon her

14 background.  There were suggestions in the Presentence Report

15 that indicate that may warrant the variance or departure from

16 the Guidelines.  Miss Porter has alluded to some of those.

17      She was raised with a mother that's had seven husbands,

18 many boyfriends, that -- and none of this is an excuse,

19 obviously, but it just goes into her chaotic childhood,

20 really.  She was sexually molested by her stepfather.  She

21 was almost raped by a merchant or a storekeeper when she was

22 younger.

23      She has two children.  They are well-adjusted.  Her older

24 son is in school.  I think he's going in the fourth grade.

25 He's been an honor student, had perfect attendance last year.

1   She's doing the best she can to take good care of them despite

2   the fact that the fathers of each of those children are not

3   providing financial support; they are both in prison and have

4   been incarcerated, and they don't provide the paternal support

5   that these boys are entitled to.

6       She has the situation as a result of this predicament and

7   everything in her background, she's been in a depressive

8   state.  She's been going to counseling.  As you note from the

9   pretrial report, she has been totally compliant.  She is

10  dealing with the issue of her alcohol and marijuana abuse

11  previously.  All of her urines have been clean.  She is in

12  counseling for depression.  I think these are small, but they

13  are steps in the right direction, as is the $3,000.00.  It's

14  very small, but it's a step.  And you have to start somewhere.

15      She is 28 -- almost 28 years old.  I think she'll be 28 in

16  a month or two.  Most of her problems were minor brushes with

17  the law, as the Court noted, were when she was younger.  I

18  think she has got some more maturity.

19      She is working part-time.  I'm not sure -- recently she

20  obtained a part-time job at a company called Queen City

21  Jewelry.  Again, not much.  She is still concentrating on her

22  career, which is promising.  I think that's indicated in the

23  Presentence Report and from some of the letters you've seen.

24  She is promising.  The Court and Pretrial have allowed her to

25  go on a tour.  She made a little bit of money.  She never got

1  paid very much for her performances, but every little bit

2  helps in coming up with the restitution and being able to

3  support her two boys.

4      She has very good support from her family and friends,

5  some of which are here today.

6      And I apologize on her behalf for the disruption in the

7  courtroom.

8      Again, she will pay back every single dollar; and the

9  earlier she has a chance to continue to work on that, she

10  will.

11      I believe she is sincere and that she wants to lead a good

12  law-abiding life.  Perhaps good things will come with her

13  career, and perhaps not.  And she recognizes that.

14      The most important thing in Sylver's life now is really

15  not her career, it's her boys and taking care of them.  They

16  were here in the court today.  They were in the courtroom.

17  They are well-mannered and have been raised properly despite

18  the circumstances of Miss Gunn's upbringing.

19      Again, none of this is an excuse for her criminal

20  behavior.  She is remorseful, and not because she was caught.

21  She stopped, Judge.  She recognizes her debt to society.  She

22  recognizes her debt to the government as far as the money she

23  owes.

24      I would ask Your Honor to consider a probationary sentence

25  -- if the Court would depart downward to that level, that

1    would allow that -- or as I said, at worst, perhaps consider a

2    sentence of a year and a day at the most.  I think either of

3    those sentences would be sufficient but not greater than

4    necessary to accomplish the principles of the federal

5    sentencing embodied in 18 U.S. Code 3553.

6        Thank you.

7            THE COURT:  Miss Gunn, do you have anything you would

8    like to say in mitigation or aggravation of sentence?

9            THE DEFENDANT:  I would just like to apologize to the

10   United States, to my children and to all the people that look

11   up to me now.  For this to come up is real embarrassing and

12   just something hard to deal with.  I spent --

13           THE COURT:  Take your time.  It's all right.  Just

14   take your time.

15           THE DEFENDANT:  I spent a lot of nights without

16   sleeping because I think about this all the time.  And I'm a

17   strong person.  I know that I can make it through a lot of

18   stuff because I've already been through a lot in my life.

19   What hurt me the most is my mistakes, you know, going to

20   affect my kids more than anything.

21       I just really want the opportunity to pay the money back,

22   and I want -- when I committed this crime, I really wasn't

23   aware of exactly what I was doing that, like, I was committing

24   a federal crime and stuff.  And I know, like, in the -- my

25   generation right now, that is something popular that a lot of

1  people are doing.  I just want to be able to, you know, show

2  them that what can happen to you, what -- who-all you can

3  hurt.  Because, like my mother, she is a taxpayer.  I'm taking

4  money from my mother.  You can hurt a lot of people, and

5  people really don't understand that.  And I want people to

6  know how serious the crime is so they won't have the

7  opportunity to mess up as I did.

8      But I just truly am sorry, and not because I got caught

9  but because I was wrong.  I shouldn't have did it.  It's

10 something that I really shouldn't have did, and I was -- you

11 know, it's just something I shouldn't have did.  I just

12 apologize to, you know, the United States, this courtroom, to

13 everyone that I hurt and, more importantly, my kids.

14     That's all.

15         THE COURT:  Anything that you wish to add, Miss

16 Porter?

17         MS. PORTER:  No, Your Honor.

18         THE COURT:  You're well aware of your history.  I

19 also am well aware that you are a single parent.  You

20 evidently have made some very, very poor choices in your life

21 up to this point in time.

22     One factor that I must consider is the nature and

23 circumstances of this offense.

24     Oliver Wendell Holmes said a long time ago that when you

25 deal with the government, the United States of America that

1   supports you and me and protects us, that you must deal on the

2   square.  You didn't.  So these are very serious offenses, even

3   though they are classified as C and D.

4       Your history and characteristics.  You have had to undergo

5   a number of circumstances that a lesser person than you would

6   not have succeeded as well as you have.  It is interesting

7   that it's suggested that I put your children in the same

8   environment that you grew up in.  I am not willing to do that.

9   I am not willing to put your kids where you sat.

10      You seem to have been raising these children in a proper

11  fashion even though you have not had any support from their

12  fathers, who are in prison; and yet, you have given these

13  children a chance to live a law-abiding life and to succeed,

14  and that is very important to me.

15      From your letter, I understood that you were shocked and

16  surprised that you were in this courtroom.  And you know from

17  the street that when you get into this court, you go to jail.

18  You know that.

19          THE DEFENDANT:  Yes.

20          THE COURT:  And, therefore, you tried to avoid a

21  federal crime, and you have.  As far as I know, the crimes

22  that have been committed in the past have been those that I

23  have enumerated here in the record.  You know that when you

24  come into this court you go to jail, and that's why you wanted

25  to avoid it.

1       It is my duty to place a sentence against you that

2   reflects the seriousness of the offense, to promote respect

3   for the law.  And, evidently, you have acquired that respect

4   at this point in time.

5       And I must provide just punishment for this offense, but

6   it has to be not greater than necessary.

7       I must avoid adequate deterrence to criminal conduct.

8   Evidently, the practice that you instituted in your income tax

9   career is widespread and causing a great deal of trouble.  And

10  I ask myself, "I wonder how many others are ripping off the

11  housing rules and regulations?"  And if too many people do

12  that, they'll no longer exist.  Congress will take that away

13  from all of us.

14      So I want you to understand how important the conduct that

15  you perpetrated here and pled guilty to is to many people that

16  you don't even know.

17      To protect from further crimes that you may commit.  Well,

18  you've demonstrated, at least in the last several years, that

19  you are not going to further commit any criminal offense.

20  Certainly these misdemeanor offenses are in the past.  I think

21  these are at least five to eight years in the past.  You were

22  using marijuana, but you've stopped that.  You were under some

23  strain, I understand.

24      But I am convinced that, given the opportunity, you will

25  not commit other federal crimes.  If you do, this case will be

1     on your record, and you will go.  You will have no choice but

2     to go to the penitentiary or custody situations.

3          To me, one of the most important elements in this case is

4     that we must provide you with needed educational --

5          You do have a GED?

6               THE DEFENDANT:  Yes.

7               THE COURT:  Vocational training.  You are pursuing a

8     career with an opportunity for success, but you do need

9     medical care and you do need correctional treatment.  My job

10    is to provide you medical care and correctional treatment in

11    the most effective manner.  We have started on that with

12    IKRON, and we can continue to monitor that.

13         I must consider the sentences available to me.  As far as

14    I'm concerned, I have all the sentences that the Congress has

15    allowed me in your case.

16         I have to consider the Sentencing Guidelines.  I have

17    considered them, and the maximum there would be 24 months.

18         I need to avoid under unwarranted sentencing disparity

19    among defendants with similar records who have been found

20    guilty of similar conduct.  I know that the Guidelines

21    generally give me that information.  However, in your case, I

22    find some unique situations, particularly the apparent talent

23    you have that will permit you, maybe, to earn substantial

24    rewards, financially and otherwise.

25         Seven.  I've got to provide for restitution to any

1    victims, and your talent gives me hope that you can reimburse

2    the United States of this money.  From the letters I've

3    received, there are those that feel that you can produce

4    substantial income.  I'm sure that's their main interest in

5    you.

6        Now, as I've said, I've been impressed with your

7    dedication to your children, and to your -- to yourself,

8    because a lesser person would not be in the condition and the

9    situation that you are in today, and certainly would not have

10   the opportunity of a possible successful career in the music

11   industry.  I'm impressed that you write your songs.  I'm

12   impressed that at 13 you wrote a poem.  I'm not so happy with

13   the content of some of your poems -- neither are you -- but I

14   am impressed that you have this gift.

15       So I've taken all those things into consideration in

16   making my judgment in this case.

17       At this time, does the United States have anything they

18   wish to add at the point on the 3553 factors?

19           MS. PORTER:  No, Your Honor.

20           THE COURT:  Mr. Goldberg?

21           MR. GOLDBERG:  No, Your Honor.

22           THE COURT:  Do you have anything further you wish to

23   add as far as the 3355 factors are concerned?  I will consider

24   whatever you have to say.

25           THE DEFENDANT:  No, Your Honor.

1    THE COURT:  The Court then will summarize its

2 conclusion as to the results of the 3553 factors.  This is not

3 the sentence; this is my determination, my conclusion after

4 I've considered my obligation under that statute.

5    In the Presentence Report, the probation officer suggests

6 a variance may be appropriate in this case based on the

7 defendant's chaotic childhood, including possible sexual abuse

8 and insecurity in the midst of constant upheavals.  The

9 information in the Presentence Report discloses that the

10 defendant was hospitalized by psychological problems and an

11 attempted suicide as a teenager.  She did not receive

12 continuing treatment and has suffered an ongoing, untreated

13 depression.

14    She has recently sought treatment and had some success

15 with the development of a new career.  Letters support her

16 hard work and dedication.

17    Information in the Presentence Report and other evidence

18 submitted to the Court supports a finding that she has been a

19 good caregiver to her children and that she is the only parent

20 present in their lives.

21    She has done charity work.

22    She is now receiving treatment in IKRON.  This will allow

23 her to continue to support her children and be more fully

24 capable of making restitution.

25    This is also less costly to the government than

1    imprisonment, for a full term imprisonment.

2        So I am saying to you that I am considering a variance

3    from the Sentencing Guidelines as far as the imprisonment is

4    concerned.  In other words, I'm going to give you the

5    opportunity to prove what you said to me:  that you're going

6    to make restitution, that you're going to be a successful

7    musician, that you're going to be a successful mother.

8        And I guaranty you that if you are not, then you will

9    still face a substantial sentence in this federal court.

10       Therefore, I have determined that a sentence of probation

11   of five years with 21 months' home detention takes into

12   account the provisions of 18 U.S.C. Section 3553(a)(1), which

13   includes the nature and circumstances of the offense and the

14   defendant's criminal history.

15       A sentence of probation of five years with 21 months' home

16   detention also reflects the seriousness of the offense,

17   promotes respect for the law and provides just punishment,

18   which is consistent with the provisions of 18 U.S.C. Section

19   3553(a)(a) by serving as a deterrence, protecting the

20   community, and providing you with needed educational or

21   vocational training and, particularly, medical care and other

22   correctional treatment in the most effective manner.

23       As stated in 18 United States Code Section 3553(a)(3), the

24   available sentences have been considered.  A sentence of

25   probation of five years with 21 months' home detention is

1   within the scope of sentences available to this Court.

2       The sentence avoids unwarranted disparity among defendants

3   who commit similar offenses but who have funds for restitution

4   and have similar backgrounds, as mandated by 18 U.S.C. Section

5   3553(a)(4)(5) and (6).

6       Since the defendant must pay restitution, the provisions

7   of 18 United States Code Section 3553(a)(7) will apply, and I

8   am using that as one of the more important elements in my

9   decision.

10      This would end my reasons.

11      Does the United States have any additional comment for the

12  record before we go into the sentencing portion?

13          MS. PORTER:  No, Your Honor.

14          THE COURT:  Mr. Goldberg?

15          MR. GOLDBERG:  No sir.

16          THE COURT:  Do you have any questions about what I'm

17  about to do and what I have done?

18          THE DEFENDANT:  No, Your Honor.

19          THE COURT:  Do you have any questions about the

20  proceedings or any questions of Mr. Goldberg that you wish to

21  bring to our attention at this time?

22          THE DEFENDANT:  No, Your Honor.

23          THE COURT:  Do you have anything further to say as to

24  why the judgment of this Court should not be imposed upon you

25  at this time?

1          THE DEFENDANT:  No, Your Honor.

2          MR. GOLDBERG:  No, Your Honor.

3          THE COURT:  It is the judgment of this Court that you

4    be placed on probation for a period of five years on each of

5    Counts One and Two to run concurrently under the following

6    conditions:

7       You shall not commit another federal, state or local

8    crime.  Remember your traffic violations.

9       You are prohibited from possessing a firearm or other

10   dangerous weapon.

11      You shall participate in the home detention component of

12   the location monitoring program for a period of 21 months.

13      You are required to remain at your residence unless given

14   permission in advance by the probation officer for approved

15   activities.

16      You shall be monitored by the use of voice recognition at

17   the discretion of the probation officer.

18      You shall abide by all the requirements established by the

19   Probation Office related to the use of this location

20   monitoring technology.

21      You shall pay all or part of the cost of location

22   monitoring based on your ability to pay as determined by the

23   probation officer.  The cost of electronic monitoring is

24   $1.88 a day.

25      You shall submit to one drug test within 15 days of

1   beginning this supervision and at least two periodic drug

2   tests thereafter.

3        You shall continue treatment at IKRON.

4        You shall cooperate in the collection of DNA as directed

5   by your probation officer.

6        You shall make payments on the balance due on your

7   criminal monetary penalties.

8        You shall provide the probation officer access to any

9   requested financial records, including business records, and

10  you shall not incur any new credit charges or open any

11  additional lines of credit without the approval of the

12  probation officer.

13       Additionally, there are 13 conditions that are required of

14  all persons who serve a period of supervised release or

15  probation under an order of this Court.  They are in writing

16  and will be explained to you by Probation or probation

17  officer.

18       There is one that I wish to discuss with you:  Eight.  You

19  shall not frequent places where controlled substances are

20  illegally sold, used, distributed or administered.  So that

21  will be one thing you will have to be extremely cautious of

22  when you enter into your singing career.  It is my intent that

23  you continue your singing career.  However, if you knowingly

24  go into a place knowing where this activity occurs, you may

25  violate the terms of your probation.

1      Now, do you understand -- no, no.  Now, just please be

2  seated.  Do you understand that if you violate these terms or

3  any of these terms --

4           THE DEFENDANT:  Yes.

5           THE COURT:  -- you can be brought back into a federal

6  court, particularly this one, and you will be sentenced to

7  incarceration?  Do you understand?

8           THE DEFENDANT:  Yes, sir.

9           THE COURT:  Now, you may leave this room and say,

10  "Oh, boy, I pulled the wool over that guy like I did so many

11  people in the past."  If you do, you're doing yourself a great

12  disservice because you'll never succeed probation, and you'll

13  do a great disservice to defendants who appear before this

14  judge later who will not be given the opportunity of

15  probation, just as you may have caused certain people who

16  deserve housing not to receive it or people who deserve

17  refunds on tax returns not to receive them.

18      I've put a lot on your shoulders, but I'm hopeful that

19  you'll continue to take care of your children, continue your

20  career, pay restitution, and live the life that you are

21  capable of.

22      Now, in addition, there is a special assessment of $200,

23  which has been paid, and there is restitution in the amount of

24  $118,586.00 as follows:

25      $18,299.00 to the Cincinnati Metropolitan Housing

1    Authority, 1635 Western Avenue, Cincinnati, Ohio 45214.  That

2    is owed;

3        And $100,287.00 to the Internal Revenue Service, Attention

4    MPU, STOP 151, (Restitution), Post Office Box 47-421,

5    Doraville, Georgia  30362.

6        Having assessed the defendant's ability to pay, payment of

7    the total monetary penalty will be due as follows.  The $200

8    is due immediately.

9        Within 30 days of the commencement of the term of

10   probation, the probation officer shall recommend a payment

11   schedule to the Court to satisfy the unpaid balance of all the

12   criminal penalties pursuant to a payment schedule to be

13   entered by the Court.  This schedule shall only be changed by

14   order of the Court, and of course I expect the $3,000.00 to be

15   paid today.

16            MR. GOLDBERG:  Yes

17            THE COURT:  Do you have any questions about this

18   sentence?

19            THE DEFENDANT:  No, sir.

20            THE COURT:  Mr. Goldberg, anything further you wish

21   to add to the record?

22            MR. GOLDBERG:  No, Your Honor.

23            THE COURT:  Miss Porter?

24            MS. PORTER:  No, Your Honor.

25            THE COURT:  Any questions?  Now is the time to ask

1    them. Do you have any questions about the proceedings or

2    anything that has gone on or about the situation? In other

3    words, you are under a rather restrictive lifestyle for the

4    next five years, and it's designed to help you and give you

5    the guidance that you have not had through most of your life.

6    That's what it's there for. And I find that that medical care

7    and that correctional treatment is the way to provide you the

8    services in the most effective manner.

9        Any questions? Go ahead, ask Mr. Goldberg if you're

10    afraid of asking me a question.

11        (The defendant and Mr. Goldberg confer privately.)

12            THE DEFENDANT: No, sir, I have no questions.

13            THE COURT: I notify you that you have a right to

14    appeal this sentence under certain circumstances. If you are

15    unable to pay the cost of an appeal, you have the right to

16    apply to this Court for leave to proceed *in forma pauperis*.

17    If you are indigent and cannot retain a lawyer, you may apply

18    and one will be appointed to represent you on your appeal.

19        You are further advised that, in accordance with the

20    provisions of Rule 4(b) of the Rules of Appellate Procedure,

21    you must file your notice of appeal with the Clerk of the

22    United States District Court within 14 days of the filing of

23    the judgment, which will be filed probably later today, August

24    the 8th, 2012.

25        Fourteen calendar days from the filing of the judgment

1  will be August the 22nd, 2012.

2      I advise you that if you request, I'll order the Clerk of

3  Courts to prepare and file your notice of appeal on your

4  behalf.

5      It is further ordered that you shall notify the United

6  States Attorney of the Southern District of Ohio within 30

7  days of any change in residence or mailing address until all

8  fines, restitutions, costs and special assessments imposed by

9  this judgment are fully paid.

10     Do you have any questions about anything that's gone on

11  here today?

12          THE DEFENDANT:  No, sir.

13          THE COURT:  Mr. Goldberg, will you protect the

14  defendant's right to appeal if she chooses to do so?  And,

15  remember, only the Circuit Court can release you from that

16  obligation.

17          MR. GOLDBERG:  Yes, I will, Your Honor.

18          THE COURT:  Is there anything further from the United

19  States?

20          MS. PORTER:  No, Your Honor.

21          THE COURT:  Anything further?

22          MR. GOLDBERG:  No, Your Honor.

23          THE COURT:  Last time.  Any questions?

24          THE DEFENDANT:  No, sir.

25          THE COURT:  So be it.

1          COURTROOM DEPUTY:  All rise.  This Honorable Court is

2    now adjourned.

3        (The proceedings concluded at 11:10 a.m.)

4

5

6

7

8

9

10              C E R T I F I C A T E

11

12      I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM

13    THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

14

15    S/MARYANN T. MAFFIA, RDR_____

16    Official Court Reporter

17

18

19

20

21

22

23

24

25